## SCHAEFER et al. v. COUSINS.
### No. 17169.

Court of Appeal of Louisiana. Orleans.
June 12, 1939.

For former opinion, see 189 So. 158.

Schwarz, Guste, Barnett & Redmann and Edw. H. Sutter, all of New Orleans, for appellants Congregation Temple Sinai and Touro Synagogue.

Daly & Hamlin, of New Orleans, for appellee Mrs. Mary Schaefer Bonnelucq.

PER CURIAM.

Plaintiffs and appellees have asked for a rehearing and defendant and appellant for a correction of our decree.

We see no reason to grant either request. The application for rehearing presents nothing new and that for the amendment of the decree is unnecessary since it seeks to accomplish a result which naturally results from the interpretation of our decree as presently written. In other words, we are asked to so amend our decree as to specifically declare the ownership of two deposits in the Registry of the Civil District Court of $493.21 each—one made on June 7, 1938, and the other on May 16, 1939, the latter five days after the argument of the case in this court, both deposits having been made pursuant to an agreement between the parties dated June 1, 1938, based upon the outcome of this litigation.

We have decided the issues raised by the pleadings and the necessary implications resulting from our decree should determine the ownership of the funds in the Registry of the Civil District Court according to the agreement relative to the outcome of the litigation. In any event we cannot consider any matter not comprehended by the pleadings.

For the foregoing reasons, both applications are refused.

Rehearing refused.

## RICHARDSON v. CHARLES KIRSCH & CO. et al.
### No. 16900.

Court of Appeal of Louisiana. Orleans.
June 12, 1939.

For former opinion, see 189 So. 146.

Wm. Donnaud, of New Orleans, for appellants.

Anna Judge Veters, of New Orleans, for appellee.

PER CURIAM.

The original decree is amended so as to require plaintiff-appellee to pay costs of this appeal and cost of transferring the matter to the Supreme Court and of transferring it back to this court.

The rehearing is refused, but there is reserved to plaintiff-appellee the right to apply for a rehearing on the question of costs of appeal, transfer and re-transfer.